UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| PLANT ENGINEERING SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 1:12-CV-231 |
| SIFCO FORGE GROUP, *a Division of* *SIFCO Industries, Inc.*, | ) ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

On July 9, 2012, the Defendant removed this case to this Court from the Allen Superior Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 3.) Upon review of the Notice of Removal, the Court identifies two problems that call into question its subject matter jurisdiction.

First, the Notice of Removal alleges that "Plaintiff is an Indiana corporation with its principal place of business in Fort Wayne, Indiana" and cites to the first paragraph of the Complaint to support this proposition. (Notice of Removal ¶ 5.) The cited paragraph, however, alleges that "Plaintiff is a corporation organized under the laws of the State of Indiana[ ] and . . . *doing business* in Fort Wayne, Allen County, Indiana." (Compl. ¶ 1 (emphasis added).) But corporations "are deemed to be citizens of the state in which they are incorporated and of the state in which they have their *principal place of business*." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). The term "principal place of business" refers to the corporation's "nerve center"—the place where a corporation's

1

officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). As such, merely alleging that Plaintiff is "doing business" in Indiana does not establish that its principal place of business is in Indiana. *See Suchanek v. Sturm Foods, Inc.*, Nos. 11-565-GPM, 11-889-GPM, 2012 WL 113014, at *2 (S.D. Ill. Jan. 12, 2012). Accordingly, Defendant's improper or mistaken cite to the first paragraph of the Complaint does not establish Plaintiff's corporate citizenship, and the Defendant must amend the Notice of Removal to properly advise the Court of Plaintiff's principal place of business.

More problematic, however, is that the Notice of Removal alleges that the amount in controversy requirement ($75,000) is satisfied by the Defendant's compulsory counterclaim. (Notice of Removal ¶ 8.) But "[c]ourts are divided on the question whether a compulsory counterclaim worth more than $75,000 may satisfy the amount in controversy requirement in removal cases when plaintiff's complaint does not." *Warren Loveland, LLC v. Keycorp Inv. L.P. IV*, No. 05-C-162-C, 2005 WL 1427707, at *3 (W.D. Wis. June 17, 2005) (citations omitted); *accord* 14AA CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3706 (4th ed. 2012)); *see also Linck v. Tayler*, No. 2:11-cv-245, 2012 WL 464367, at *1 n.1 (N.D. Ind. Feb. 10, 2012) ("Questions about whether and how potential counterclaims are to be counted in satisfying the jurisdictional amount are a notorious quagmire of civil procedure."). Here, the Complaint alleges damages of only $39,790.03 (Compl. ¶ 6), well below the $75,000 requirement. Thus, without considering the value of Defendant's counterclaim, the jurisdictional amount would not be met and, consequently, this Court would lack subject matter jurisdiction.

As several courts within this Circuit have recognized, the majority position is that the

value of a compulsory counterclaim cannot be considered in determining the amount in controversy. *Arandell Corp. v. Papo d'Anjo Grp., Inc.*, No. 06-C-1100, 2007 WL 30883, at *3 (E.D. Wis. Jan. 4, 2007); *Warren Loveland*, 2005 WL 1427707, at *3 (citing *Mesa Indus., Inc. v. Eaglebrook Prods., Inc.*, 980 F. Supp. 323, 326-27 (D. Ariz. 1997) (stating that the majority of cases do not allow removal where the original claim did not meet the statutory minimum)); *Kenray, Inc. v. Judson Atkinson Candies, Inc.*, NA 02-132-C B/H, 2002 WL 2012439, at *4 (S.D. Ind. Aug. 28, 2002) (collecting cases); *Software Dev. Sys., Inc. v. Sharma*, No. 99 C 1759, 1999 WL 356309, at 1 (N.D. Ill. May 24, 1999). And although the Seventh Circuit Court of Appeals has not specifically addressed this question, *Warren Loveland*, 2005 WL 1427707, at *3, the Seventh Circuit *has* stated the following:

> Generally, a case may be removed only if the suit—as the plaintiff framed or could easily have framed it in the complaint—would have been within the district court's original jurisdiction at the time of removal. Moreover, a defense based on the United States Constitution or federal law does not make the suit removable, and *neither does a counterclaim* or other similar filing based on federal law.

*Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir. 1992) (emphasis added) (citations and internal quotations omitted). Accordingly, it appears as though the value of the Defendant's compulsory counterclaim *cannot* be considered in determining whether the jurisdictional amount has been satisfied.

Nevertheless, the Defendant will be afforded an opportunity to establish that the Court has subject matter jurisdiction over this case. The Defendant may file a brief in support of this Court's jurisdiction on or before July 25, 2012. If the Court determines that it does not have subject matter jurisdiction, the case will be remanded to state court as required by 28 U.S.C. § 1447(c). Under that statute, "[a]n order remanding the case may require payment of just costs

and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

SO ORDERED.

Enter for this 11th day of July, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge