UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| PLANT ENGINEERING SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 1:12-CV-231 |
| SIFCO FORGE GROUP, *a Division of* SIFCO Industries, Inc., | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Before the Court is the Defendant's Brief in Support of Subject Matter Jurisdiction (Docket # 9), which Defendant filed pursuant to this Court's July 11, 2012, Opinion and Order questioning whether the case was properly removed to federal court based on diversity jurisdiction (Docket # 7). Having reviewed the record and considered Defendant's brief, the undersigned Magistrate Judge recommends that the case be REMANDED to state court.

### II. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a contract between Plaintiff Plant Engineering Services, Inc., ("PES") and Defendant SIFCO Forge Group ("SIFCO") under which SIFCO agreed to pay PES approximately $218,610.00 to design, construct, and install electrical hardware to increase the speed of SIFCO's hydraulic press. (Br. in Supp. of Subject Matter Jurisdiction ("Def.'s Br.") 2.) PES claims that SIFCO owes it an unpaid balance of $39,790.03 (including interest) for the services it provided and, as such, brought suit against SIFCO in the Allen Superior Court on June

1

1, 2012, demanding a payment of $39,790.03—plus accruing finance charges, pre-judgment interest from the date of demand, reasonable attorney fees, and costs of collection. (Compl. ¶ 6.)

In its Answer, SIFCO asserted a counterclaim alleging that PES breached the contract and caused catastrophic damage to its hydraulic press and seeking the approximately $185,400.00 it had already paid to PES, plus additional damages it alleges PES proximately caused. (Def.'s Br. 2.) On July 9, 2012, SIFCO, relying on the amount claimed in its counterclaim, removed this case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 3.)

Upon removal, this Court observed that the Notice of Removal alleges that the amount in controversy requirement for diversity jurisdiction—$75,000—is satisfied by the Defendant's compulsory counterclaim. (Notice of Removal ¶ 8; *see also* Am. Notice of Removal ¶ 8.) Recognizing that the Seventh Circuit Court of Appeals has not decided whether the value of a compulsory counterclaim can be considered in determining the amount in controversy, *Warren Loveland, LLC v. Keycorp Inv. L.P. IV*, No. 05-C-162-C, 2005 WL 1427707, at *3 (W.D. Wis. June 17, 2005) (citations omitted), and that the Complaint here alleges damages of only $39,790.03 (Compl. ¶ 6), well below the $75,000 requirement, the Court seriously questioned whether it had subject matter jurisdiction over this case. (Docket # 7 at 2-3.) SIFCO was nevertheless afforded an opportunity to establish that subject matter jurisdiction exists and submitted a brief in support of its position on July 25, 2012. (Docket # 9.)

### III. DISCUSSION

#### A. *Applicable Law*

A defendant in state court may remove a case to a federal district court only if the district

court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  If the district court does not have jurisdiction, the case must be remanded.  28 U.S.C. § 1447(c).  When ruling on a motion to remand, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum," with any doubt regarding jurisdiction resolved in favor of remand.  *Battle v. Countrywide Home Loans, Inc.*, No. 05 C 3022, 2005 WL 2284250, at *1 (N.D. Ill. Sept. 15, 2005) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).  The burden of establishing federal jurisdiction falls on the party seeking removal.  *Oshana v. Coca-Cola* Co., 472 F.3d 506, 511 (7th Cir. 2007); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Doe*, 985 F.2d at 911.

In this case, subject matter jurisdiction could only be based on diversity of citizenship.  28 U.S.C. § 1332(a)(1).  There is no question that the parties are diverse;[1] the only question for the Court is whether the amount in controversy exceeds $75,000.  "The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed."  *Oshana*, 472 F.3d at 511 (citations omitted).  The proponent of jurisdiction "has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *Id.*; *see Bailey v. Conocophillips Co.*, No. 06-677-JLF, 2006 WL 3487655, at *3 (S.D. Ill. Dec. 4, 2006) ("A defendant seeking to establish jurisdiction on the basis of diversity must provide 'competent proof' that the amount in controversy exclusive of interest and costs exceeds $75,000.").

---

[1] The parties represent that PES is an Indiana corporation with its principal place of business in Indiana and that Defendant is an Ohio corporation with its principal place of business in Ohio. (Am. Notice of Removal ¶ 5.)

The existence of diversity jurisdiction is further complicated here as "[c]ourts are divided on the question whether a compulsory counterclaim worth more than $75,000 may satisfy the amount in controversy requirement in removal cases when plaintiff's complaint does not." *Warren Loveland, LLC*, 2005 WL 1427707, at *3; *accord* 14AA CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3706 (4th ed. 2012)); *see also Linck v. Tayler*, No. 2:11-cv-245, 2012 WL 464367, at *1 n.1 (N.D. Ind. Feb. 10, 2012) ("Questions about whether and how potential counterclaims are to be counted in satisfying the jurisdictional amount are a notorious quagmire of civil procedure."). Although the Seventh Circuit has not answered this question, several courts within this Circuit have recognized that the majority of courts hold that the value of a compulsory counterclaim cannot be considered in determining the amount in controversy. *Arandell Corp. v. Papo d'Anjo Grp., Inc.*, No. 06-C-1100, 2007 WL 30883, at *3 (E.D. Wis. Jan. 4, 2007); *Warren Loveland*, 2005 WL 1427707, at *3 (citing *Mesa Indus., Inc. v. Eaglebrook Prods., Inc.*, 980 F. Supp. 323, 326-27 (D. Ariz. 1997) (stating that the majority of cases do not allow removal where the original claim did not meet the statutory minimum)); *Kenray, Inc. v. Judson Atkinson Candies, Inc.*, NA 02-132-C B/H, 2002 WL 2012439, at *4 (S.D. Ind. Aug. 28, 2002) (collecting cases); *Software Dev. Sys., Inc. v. Sharma*, No. 99 C 1759, 1999 WL 356309, at *1 (N.D. Ill. May 24, 1999).

### B. Analysis

In its brief, SIFCO argues that the Seventh Circuit should adopt the approach of the Third and Ninth Circuits—that the "matter in controversy" referenced in the diversity statute, 28 U.S.C. § 1332(a)(1), includes the amount pled in a compulsory counterclaim. (Def.'s Br. 3, 6-7 (citing *Northland Ins. Co. v. Lincoln Gen. Ins. Co.*, 153 F. App'x 93, 94 n.1 (3d Cir. 2005)

(unpublished); *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 121 (3d Cir. 1997); *Fenton v. Freedman*, 748 F.2d 1358, 1359 (9th Cir. 1984)).) But *Northland Ins. Co.* is an unpublished case, and all three of these cases dealt with a complaint originally filed in federal court and thus did not involve the basis for exercising *removal* jurisdiction. *Indep. Mach. Co. v. Int'l Tray Pads & Packaging, Inc.*, 991 F. Supp. 687, 692 (D.N.J. 1998) (citing *Spectacor*, 131 F.3d at 121; *Swallow & Assocs. v. Henry Molded Prods., Inc.*, 794 F. Supp. 660, 661 (E.D. Mich. 1992)); *see Northland Ins. Co.*, 153 F. App'x at 95 (noting that plaintiff filed its complaint in federal court). In *Spectacor*, the Third Circuit, "while not directly addressing the issue at bar, stated that 'removal is governed by considerations inapplicable to cases involving the exercise of original jurisdiction.'" *Indep. Mach. Co.*, 991 F. Supp. at 692 (quoting *Spectacor*, 131 F.3d at 125). As such, "[l]ower court decisions have distinguished *Spectacor*, which was originally filed in federal court, from cases in which a party seeks removal from state court." *Neschen Corp. v. Grafix Solutions, Inc.*, No. 11-06748 (JAP), 2011 WL 5870965, at *1 (D.N.J. Nov. 22, 2011) (citing *Indep. Mach. Co.*, 991 F. Supp. at 692-93; *Leeb v. Allstate Indem. Co.*, No. 09-3160, 2009 WL 2448560, at *1 (E.D. Pa. Aug. 3, 2009)); *see Software Dev. Sys., Inc.*, 1999 WL 356309, at *1 (distinguishing *Spectacor* because it was an original jurisdiction, and not a removal, case).

And, as the *Spectacor* court recognized, Congress intended to limit removal, and the United States Supreme Court has reasoned that, because removal is statutory and not constitutional, removal jurisdiction must "be narrowly construed in favor of the non-removing party to prevent . . . encroachment on the right of state courts to decide cases properly before them." *Spectacor*, 131 F.3d at 125 (construing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941)); *see also Shelter Mut. Ins. Co. v. Taylor*, No. 3:10-CV-03089, 2012 WL

5

174809, at *3 (W.D. Ark. Jan. 23, 2012) ("Removal cases are construed more narrowly than originally filed cases so as to protect the plaintiff's choice of forum and to protect the state courts from usurpation by federal courts." (citing *Shamrock Oil & Gas Corp.*, 313 U.S. at 108-09; *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992))).

SIFCO further cites an Eastern District of Michigan case from 1992, *Swallow*, 794 F. Supp. at 663, which held that, even in a removal case, damages pled in the defendant's compulsory counterclaim should be included in the amount in controversy. But *Swallow* is undoubtedly the minority view. *See Software Dev. Sys., Inc.*, 1999 WL 356309, at *1 (citing *Indep. Mach. Co.*, 991 F. Supp. at 693 (rejecting *Swallow* for "the line of decisions holding that a case cannot be removed based upon damages pled in a compulsory counterclaim"); *Cont'l Ozark, Inc. v. Fleet Supplies, Inc.*, 908 F. Supp. 668, 672 (W.D. Ark. 1995) (rejecting *Swallow* in favor of cases "more in line with the traditional jurisdictional analysis"); *Meridian Aviation Serv. v. Sun Jet Int'l*, 886 F. Supp. 613, 615 (S.D. Tex. 1995) (noting that "the position taken in *Swallow & Assoc.* appears to be against the weight of authority")).

SIFCO also contends that *not* including the value of a compulsory counterclaim in the amount in controversy would "sacrifice the choice of forum of the litigant with the greater monetary interest at stake" and lead to a race to the courthouse. (Def.'s Br. 4-5 (quoting *Swallow*, 794 F. Supp. at 663).) Although this may be true, other policy considerations are served by excluding the value of a compulsory counterclaim from the amount in controversy. Such a rule is more consistent with the policy of construing removal statues narrowly, especially in light of the language and legislative history of the removal statutes, which demonstrate that Congress intended to limit removal jurisdiction. *Indep. Mach. Co.*, 991 F. Supp. at 693 (citations

omitted). A rule that allows a removing defendant to allege diversity jurisdiction by using damages pled in a compulsory counterclaim does not narrowly construe removal jurisdiction; rather, "it favors the removing party by allowing them to assert diversity jurisdiction even though the plaintiff's complaint clearly does not support it." *Id.*

And adopting the minority rule—that compulsory counterclaims are included in the amount in controversy—would destroy uniformity because "federal subject matter jurisdiction would be reliant on state law distinctions between compulsory and permissive counterclaims," which would allow some cases to be removed in some districts, but not in others, and would subject removal jurisdiction to changes in state law. *Id.* (quoting *Meridian Aviation Serv.*, 886 F. Supp. at 615). Under the majority rule, these state law distinctions or changes do not matter because no counterclaims are considered when determining the amount in controversy.

Finally, although the Seventh Circuit has come close to answering this question in the non-removal context, *see Motorists Mut. Ins. Co. v. Simpson*, 404 F.2d 511, 513-14 (7th Cir. 1968) (holding, in a case originally brought in federal court, that, because the defendant opposed federal jurisdiction from the beginning, "grounds of equity and fairness" dictated that the value of defendant's compulsory counterclaim not be considered in the amount in controversy), the Court has not specifically addressed this question in *removal* cases, *see Warren Loveland, LLC*, 2005 WL 1427707, at *3, which are governed by different considerations than original jurisdiction cases, *see Spectacor*, 131 F.3d at 125. But the Seventh Circuit has stated in a removal case—albeit one dealing with removal based on federal question jurisdiction—that, "[g]enerally, a case may be removed only if the suit—as the plaintiff framed or could easily have framed it in the complaint—would have been within the district court's original jurisdiction at

7

the time of removal. Moreover, a defense based on the United States Constitution or federal law does not make the suit removable, and *neither does a counterclaim* or other similar filing based on federal law." *Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir. 1992) (emphasis added) (citations and internal quotations omitted). Furthermore, the Seventh Circuit has otherwise generally noted—though not in the context of a compulsory counterclaim—that "[t]he amount in controversy is the amount required to satisfy the *plaintiff's* demands . . . on the day the suit was removed." *Oshana*, 472 F.3d at 510-11 (emphasis added) (citations omitted).

Therefore, when faced with an open question of law and no direct guidance from the Seventh Circuit, and considering that any doubt regarding jurisdiction should be resolved in favor of remand, *Battle,* 2005 WL 2284250, at *1, the undersigned Magistrate Judge recommends that the majority rule—that the value of a compulsory counterclaim is *not* considered when determining the amount in controversy—be adopted. Consequently, the undersigned Magistrate Judge further recommends that this case be remanded to state court for failing to meet the amount in controversy requirement.

## C. Fees and Costs

In its July 11, 2012, Opinion and Order, this Court noted that 28 U.S.C. § 1447(c), the statute requiring that a case be remanded when the court lacks subject matter jurisdiction, provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (Docket # 7 at 3-4 (quoting 28 U.S.C. § 1447(c)).) But, as the Supreme Court has noted, "absent unusual circumstances, attorneys' fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Micrometl Corp. v. Tranzact Technologies, Inc.*, 656

8

F.3d 467, 470 (7th Cir. 2011) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 137 (2005)). Moreover, "when deciding whether fee-shifting is appropriate, courts should balance the policy objectives of the removal statute and its fee-shifting provision, protecting the right to remove to federal court once certain criteria are met while deterring improper removals as a way to delay litigation." *Id.* (citing *Martin*, 546 U.S. at 140).

Here, as laid out above, whether compulsory counterclaims can be considered in determining the amount in controversy for removal based on diversity jurisdiction is a notoriously unsettled area of civil procedure, *see Linck*, 2012 WL 464367, at *1 n.1, one that the Seventh Circuit has not yet decided. As such, in light of this lack of clarity, SIFCO's removal based on its belief that its compulsory counterclaim would satisfy the amount in controversy requirement was objectively reasonable; therefore, the undersigned Magistrate Judge recommends that no fees or costs be awarded in these circumstances. *See Arandell Corp.*, 2007 WL 30883, at *3 (declining to award costs or attorney's fees under 28 U.S.C. § 1447(c) when defendant removed the case based partly on the existence of a large counterclaim and noting the conflicting law on this issue).

### IV. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Court REMAND this case to state court and that the fees and costs of removal not be awarded.[2]

The Clerk is directed to send a copy of this Report and Recommendation to counsel for Plaintiff and Defendant. NOTICE IS HEREBY GIVEN that within fourteen days after being

---

[2] If this Report and Recommendation is adopted and the case is remanded, it would appear that such an order would be unappealable. *See, e.g.*, *Daniels v. Liberty Mut. Ins. Co.*, No. 2:06 cv 213, 2006 WL 3239994, at *2 (N.D. Ind. Nov. 6, 2006) (citing *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 648 (2006)).

9

served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995); *Egert v. Conn. Gen. Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).

SO ORDERED.

Entered this 29th day of August, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge