UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

PLANT ENGINEERING SERVICES, INC.,

Plaintiff/Counter Defendant,

v.

SIFCO FORGE GROUP, *a Division of SIFCO Industries, Inc.*,

Defendant/Counter Claimant.

CAUSE NO.: 1:12-CV-231-JD-RBC

**OPINION and ORDER**

This matter comes before the Court on a Report and Recommendation [DE 14] from Magistrate Judge Roger B. Cosbey. For the reasons set forth below, the Court hereby adopts the Report and Recommendation in its entirety.

## I. BACKGROUND

Plaintiff Plant Engineering Services, Inc. ("PES"), through its attorney, filed its Complaint in the Allen Superior Court on June 1, 2012 [DE 1]. Defendant SIFCO Forge Group ("SIFCO"), through its attorney, filed an Answer to the Complaint [DE 2] and removed the case to federal court based on diversity jurisdiction contending that the value of SIFCO's compulsory counterclaim could be considered in determining the amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332 [DE 3 ¶ 8]. Magistrate Judge Cosbey quickly observed that including the value of the compulsory claim for purposes of determining the amount in controversy was problematic given this unsettled area of the law, and thus he afforded SIFCO an opportunity to brief the issue [DE 7]. SIFCO filed an Amended Notice of Removal [DE 8] and brief in support of subject matter jurisdiction [DE 9], and thereafter, Magistrate

Judge Cosbey issued his Report and Recommendation indicating that the case should be remanded without the award of fees and costs associated with the removal [DE 14]. No objections were filed to the Report and Recommendation.

The litigation arises out of a contract dispute between the parties relative to the design, construction and installation of electrical hardware by PES required to increase the speed of SIFCO's 5,000 Ton Hydraulic Press [DE 1; DE 9 at 2]. PES is a corporation organized under the laws of the State of Indiana, with its principal place of business in Indiana [DE 1 at 1]. In its Complaint, PES alleges damages for an alleged breach of contract in the amount of $39,790.03, plus accruing finance charges, pre-judgment interest from the date of demand, reasonable attorney fees, and costs of collection [DE 1 at 2]. The request for damages reflects the remaining balance of PES' invoice pertaining to the relevant services it provided to SIFCO [DE 1].

SIFCO, a division of SIFCO Industries, is an Ohio corporation with its principal place of business in Cleveland, Ohio [DE 8 at 2]. SIFCO specializes in manufacturing forged machine components [DE 2 at 5]. SIFCO asserted a compulsory counterclaim alleging that PES breached the same contract by causing catastrophic damage to its hydraulic press worth $185,400.00 in damages [DE 9 at 2] and removed the case based on diversity grounds under 28 U.S.C. § 1441.

After considering SIFCO's supplemental filings [DE 8, 9], on August 29, 2012, Magistrate Judge Cosbey issued his report recommending that the case be remanded to state court because the value of a compulsory claim cannot be considered in determining the amount in controversy required for diversity jurisdiction [DE 14]. No party objects to the Magistrate Judge's recommendation to remand without fees and costs.

## II. DISCUSSION

### A. Standard of Review

The district court has discretion to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1). Consistent with Federal Rule of Civil Procedure 72(b), the district court must undertake a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Id*. Under the clear error standard, the court can only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997).

### B. Amount in Controversy

A defendant in state court may remove a case to a federal district court only if the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). If the district court does not have jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). When ruling on a motion to remand, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum," with any doubt regarding jurisdiction resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). The burden of establishing federal jurisdiction falls on the party seeking removal. *Id.*; *see Oshana v. Coca-Cola* Co., 472 F.3d 506, 511 (7th Cir. 2006) (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006)).

In this case, subject matter jurisdiction could only be based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). As Magistrate Judge Cosbey accurately notes, there is no question that the parties are diverse; the only question for the Court is whether the amount in controversy exceeds $75,000. "The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed." *Oshana*, 472 F.3d at 510-11 (citations omitted). The proponent of jurisdiction "has the burden of showing, by a preponderance of the evidence, facts that suggest the amount-in-controversy requirement is met." *Id.* (citing *Meridian Sec. Ins.*, 441 F.3d 543).

As the Magistrate Judge noted, courts are divided as to "whether a compulsory counterclaim worth more than $75,000 may satisfy the amount in controversy requirement in removal cases when plaintiff's complaint does not." *Warren Loveland, LLC v. Keycorp Inv. L.P. IV*, No. 05-C-162-C, 2005 WL 1427707 *3 (W.D. Wis. June 17, 2005). The Seventh Circuit has not yet addressed this issue. *Id.* However, several courts within the circuit have recognized that that the value of a compulsory claim cannot be considered in determining the amount in controversy. *Arandell Corp. v. Papo d'Anjo Grp., Inc.*, No. 06-C-1100, 2007 WL 30883 *3 (E.D. Wis. Jan. 4, 2007); *Warren Loveland*, 2005 WL 1427707 *3 (citing *Mesa Indus., Inc. v. Eaglebrook Prods., Inc.*, 980 F. Supp. 323, 326-27 (D. Ariz. 1997)); *Kenray, Inc. v. Judson Atkinson Candies, Inc.*, NA 02-132-C B/H, 2002 WL 2012439 *4 (S.D. Ind. Aug. 28, 2002) (listing cases); *Software Dev. Sys., Inc. v. Sharma*, No. 99 C 1759, 1999 WL 356309 *1 (N.D. Ill. May 24, 1999). And as determined by the Magistrate Judge, although the Seventh Circuit has not specifically addressed this question, *Warren Loveland*, 2005 WL 1427707, at *3, the Seventh Circuit has stated the following:

> Generally, a case may be removed only if the suit—as the plaintiff framed or could easily have framed it in the complaint—would have been within the district

> court's original jurisdiction at the time of removal. Moreover, a defense based on the United States Constitution or federal law does not make the suit removable, and neither does a counterclaim or other similar filing based on federal law.

*Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir. 1992) (involving removal based on federal question jurisdiction) (citations and internal quotations omitted); *Johnson v. Wattenberger*, 361 F.3d 991, 993 (7th Cir. 2004) ("If, however, the case as a whole does not entail at the get-go a controversy exceeding $75,000, then the court must not resolve any aspect of it on the merits.").

Further, because it is a statutory rather than a constitutional provision, removal should be narrowly construed to ensure "[d]ue regard for the rightful independence of state government." *Healy v. Ratta*, 292 U.S. 263, 270 (1934); *see Shamrock Oil & Gas Corp., v. Sheets*, 313 U.S. 100 (1941) (detailing history of removal statute and noting that alterations in the statute indicate the Congressional purpose to narrow the federal jurisdiction on removal). A majority of cases favor a traditional jurisdictional analysis. 14AA CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3706 (4th ed. updated Sept. 2012) (listing cases). And, as Magistrate Judge Cosbey points out, the view that damages pled in a compulsory counterclaim should be included in the amount in controversy is undoubtedly the minority view. *See id.*; *see also Swallow & Assoc. v. Henry Molded Prod., Inc.*, 794 F.Supp. 660 (E.D. Mich. 1992).

Despite this, SIFCO urged the Magistrate Judge to adopt the approach of the Third and Ninth Circuits by including the amount pled in a compulsory counterclaim. *See Northland Ins. Co. v. Lincoln Gen. Ins. Co.*, No. 04-3472, 153 F. App'x 93, 94 n.1 (3d Cir. Oct. 27, 2005); *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 121 (3d Cir. 1997); *Fenton v. Freedman*, 748 F.2d 1358 (9th Cir. 1984). But as Magistrate Judge Cosbey accurately pointed out, these cases are distinguishable from the scenario at hand because these cases were initiated by a complaint

filed in federal court and not removed to federal court. Removal is governed by considerations inapplicable to cases involving the exercise of original jurisdiction. *Indep. Mach. Co., v. Int'l Tray Pads & Packaging, Inc.*, 991 F. Supp. 687, 692 (D.N.J. 1998) (citing *Spectacor Mgmt. Grp.*, 131 F.3d at 125).

The Magistrate Judge held that remand to state court is warranted in this case because the value of the compulsory counterclaim is not to be considered when determining the amount in controversy, and thus, Defendant has failed to meet the amount in controversy requirement. No party challenged his recommendation. The undersigned agrees that the facts of the case indicate that the majority approach appears fitting here and is consistent with the policy of construing removal statutes narrowly, with any doubt regarding jurisdiction resolved in favor of remand. Because there is no clear error, the Report and Recommendation is adopted.

**C. Fees and Costs**

An order remanding a case to state court for lack of subject matter jurisdiction, may require payment of just costs and any actual expenses, including attorney fees incurred as a result of the removal. 28 U.S.C. § 1447(c). The Supreme Court has noted that "absent unusual circumstances, attorneys' fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 141 (2005). When deciding whether fee-shifting is appropriate, courts should balance the policy objectives of the removal statute and its fee-shifting provision, protecting the right to remove to federal court once certain criteria are met while deterring improper removals as a way to delay litigation. *Micrometl Corp. v. Tranzact Tech., Inc.* 656 F.3d 467, 470 (7th Cir. 2011) (citing *Martin*, 546 U.S. at 140).

The issue of whether compulsory counterclaims can be included in the amount in controversy for diversity purposes in a removed case remains unsettled nationwide. *See Linck v. Tayler*, No. 2:11-cv-245, 2012 WL 464367 *1 n.1 (N.D. Ind. Feb. 10, 2012) (Simon, C.J.) ("[q]uestions about whether and how potential counterclaims are to be counted in satisfying the jurisdictional amount are a notorious quagmire of civil procedure"). Moreover, the issue has yet to be addressed by the Seventh Circuit. In the present case, SIFCO had an objectively reasonable basis for removal, as concluded by the Magistrate Judge, to which no objection was raised. Accordingly, Magistrate Judge Cosbey's recommendation that no fees or costs be awarded in these circumstances is adopted.

## III. CONCLUSION

Having reviewed the unopposed Report and Recommendation and finding no clear error therein, the Court **ADOPTS** the Report and Recommendation in its entirety [DE 14]. This case is therefore **REMANDED** to the Allen Superior Court for all further proceedings pursuant to 28 U.S.C. § 1447. Because removal was objectively reasonable, fees and costs of removal are not awarded.

SO ORDERED.

ENTERED: November 5, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court